UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| JEFFERY. PARKER,            ) | CASE NO. 1:16 CV 2143 |
|     Plaintiff,           ) | JUDGE DONALD C. NUGENT |
| v.                          ) | |
| DFAS ACCOUNTING SYSTEM,     ) | MEMORANDUM OF OPINION AND ORDER |
|     Defendant.          ) | |

On August 26, 2016, plaintiff *pro se* Jeffery Parker filed this *in forma pauperis* action against DFAS Accounting System. For the reasons stated below, this action is dismissed pursuant to 28 U.S.C. § 1915(e).

The complaint states in its entirety as follows:

> I am a Licensed Practical Nurse with the Dept of Veteran Affairs on Wade Park, Cleveland, Ohio 44105.
>
> My paycheck is being garnished by an unknown source. After hours of research and inquiries (dfas accounting, Depart of Veteran Affairs, and my pay) my pay stated "We sent you the paperwork via internet concerning the garnishment." Only information I got from dfas accounting it's a Comm. GRN, with [no] court order.
>
> I am a minority at the Dept of Veterans Affairs and this is not the first suspected fickle garnishment that I been subjected to. I am asking for the amt of money ($3900.00) that has been taken for me and, if this garnishment is found to be not in good standing, I like to have my day in court and press charges to the full extent of the law. .

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), the district court is required to dismiss an action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] *Neitzke v. Williams*, 490 U.S. 319 (1989); *Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010).

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell At. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (2009). A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.*

Even construing the complaint liberally in a light most favorable to the plaintiff, *Brand v. Motley*, 526 F.3d 921, 924 (6th Cir. 2008), it does not contain allegations reasonably suggesting he might have a valid federal claim against the named defendant. *See, Lillard v. Shelby County Bd. of Educ,*, 76 F.3d 716 (6th Cir. 1996)(court not required to accept summary allegations or unwarranted legal conclusions in determining whether complaint states a claim for relief).

Accordingly, the request to proceed *in forma pauperis* is granted and this action is dismissed under section 1915(e). Further, the court certifies, pursuant to 28 U.S.C. §

---

[1] An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *Chase Manhattan Mortg. Corp. v. Smith*, 507 F.3d 910, 915 (6th Cir. 2007); *Gibson v. R.G. Smith Co.*, 915 F.2d 260, 261 (6th Cir. 1990); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986).

1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

/s/ Donald C. Nugent 10/20/16
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE